**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **K.Y.C.**, <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER OF SOCIAL SECURITY**, <br><br> Defendant. | Civil Action No. 24-9581 (ZNQ) <br><br> **OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon K.Y.C.'s [1] ("Plaintiff") appeal of the Social Security Administration's ("Defendant") March 28, 2022 denial of Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (the "Act"). (Compl., ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c) and reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[2]

    After reviewing the parties' submissions and the Administrative Record ("AR," ECF No. 5), the Court finds that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and properly within the ALJ's decision-making authority. Accordingly, the decision to deny Plaintiff DIB will be **AFFIRMED**.

---

[1] The Court refers to Plaintiff by her initials given the privacy concerns that arise from social security cases.
[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

I. **BACKGROUND AND PROCEDURAL HISTORY**

    A. **PROCEDURAL POSTURE**

On August 13, 2021, Plaintiff filed her initial claim for DIB, citing podiatric impairments, vision problems, difficulties concentrating, short-term memory problems, and obesity, beginning in March 20, 2020. (AR at 33, 36, 39.)

After a hearing on August 2, 2023, the ALJ denied Plaintiff's DIB application and determined she was not disabled within the meaning of the Social Security Act. (*Id.* at 30.) The Appeals Council denied Plaintiff's appeal of the ALJ's decision on July 30, 2024. (*Id*. at 1.) Plaintiff thereafter filed this action, alleging in the Complaint that she is disabled and that the ALJ's findings and conclusions are not supported by substantial evidence. (Compl. ¶ 8.) Plaintiff filed an Appeal Brief. ("Appeal Br.," ECF No. 7.) Defendant then filed an Opposition Brief ("Opp'n Br.," ECF No. 9), and Plaintiff filed a Reply Brief ("Reply Br.," ECF No. 10.)

    B. **ALJ DECISION**

The ALJ denied Plaintiff's DIB application. (*Id*. at 30.) Following the Act's five-step disability determination process, the ALJ made several findings.

First, the ALJ found that although Plaintiff met the insured status requirement of the Social Security Act through December 31, 2025, she had not engaged in substantial gainful activity since July 26, 2021. (*Id*. at 36.) The ALJ further concluded that Plaintiff's podiatric impairments and obesity were severe, but her hypertension, hyperlipidemia, cataracts, and adjustment disorder were not. (*Id*. 36-37.) The ALJ further found that none of Plaintiff's impairments meet the severity of the impairments listed in 20 C.F.R. § 404. (*Id*. at 38.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) (*id*. at 38, 42), and that Plaintiff was

capable of performing past relevant work as a home health aide and as a production assembler (*id*. 39-42.)

Accordingly, the ALJ found that Plaintiff does not qualify for DIB. (*Id*. at 42.) The issues before the Court are whether the ALJ's RFC determination is supported by substantial evidence and whether the ALJ's denial of Plaintiff's DIB claim was proper.

## II.     SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g), which authorizes judicial review of final decisions of the Commissioner of Social Security. The Appeals Council denied Plaintiff's request for review on July 30, 2024, rendering the ALJ's August 2, 2023 decision the Commissioner's final decision. (AR at 1, 42.)

## III.    LEGAL STANDARD

### A.     STANDARD OF REVIEW

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). In reviewing applications for social security disability benefits, the district court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 401 (citing *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). In other words, substantial evidence "may be somewhat less than a preponderance of the evidence." *Ginsburg v.*

*Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its] own conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotations omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record. *See Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). And "[s]ince it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require "an explanation from the ALJ of the reason why probative evidence has been rejected" to determine whether the reasons for rejection were improper. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (citation modified).

B. **APPLICABLE LAW**

The Social Security Act defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

4

42 U.S.C. § 1382c(a)(3)(B).

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4)(i)–(v). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)). The analysis proceeds as follows:

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's RFC and analyze whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e). Under C.F.R. § 404.1545, a claimant's

5

RFC is "the most [he or she] can do" despite limitations "that affect what [he or she] can do in a work setting." If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the final step.

At step five—the final step—the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## IV. DISCUSSION

Plaintiff advances two principal arguments on appeal. First, she argues that the ALJ's RFC determination is not supported by substantial evidence and is the product of legal error because the ALJ: (1) improperly evaluated the medical opinion; and (2) failed to perform the required supportability and consistency analysis. (Appeal Br. at 4.) Second, she contends that because the ALJ failed to incorporate limitations stemming from Plaintiff's learning disorder in his step four analysis, the ALJ erred in finding Plaintiff's learning disorder a non-medically determinable impairment. (*Id.*) The Court will address each argument in turn.

### A. WHETHER THE ALJ'S RFC DETERMINATION LACKS SUBSTANTIAL EVIDENCE

In determining the persuasiveness of medical opinions, the ALJ must assess the persuasiveness of the medical opinions and prior administrative findings based on the five factors enumerated in 20 C.F.R. § 404.1520c. *Lynch v. Comm'r Soc. Sec.*, Civ. No. 23-1982, 2024 WL 2237961, at *2 (3d Cir. May 17, 2024). Those factors are: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the two most important factors when assessing persuasiveness. 20 C.F.R. § 404.1520c(a). For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Likewise, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). Additionally, 20 C.F.R. § 404.1520c(b)(1) explains that the ALJ must consider the five factors for "all of the medical opinions and prior administrative medical findings in [a plaintiff's] case record."

The record reflects that the ALJ carefully considered each of the medical opinions in accordance with the regulatory factors. The ALJ explicitly addressed supportability by explaining how the cited treatment notes, objective findings, and clinical assessments either corroborated or conflicted with the physician's conclusions. (AR at 41–42.) Likewise, the ALJ conducted a consistency analysis, comparing each medical opinion against the broader medical record, which included physical examinations, diagnostic testing, frequency of medical treatment, and the claimant's reported activities of daily living. (*Id.* at 38-39, 41–42.) Contrary to Plaintiff's assertions, the ALJ did not disregard any opinion evidence, but instead weighed the competing assessments, explaining with sufficient clarity why he found some opinions more persuasive than others.

Plaintiff's treating podiatrist examined her on multiple occasions between November 2021 and April 2023. (*Id.* at 40–41.) The podiatrist's clinical findings included tenderness of the

bilateral calcaneus, hammertoes, edema, erythema, hyperkeratotic tissue, abnormal biomechanics of the foot, and consistent reports of pain during weight-bearing activities. (*Id.* at 40.) Based on these findings, the podiatrist opined that Plaintiff was limited to standing or walking for only two hours and sitting for six to seven hours in an eight-hour day, could lift no more than 20 pounds occasionally, and that Plaintiff would miss work one to two days per month. (*Id.* at 41.)

The ALJ dismissed the podiatric assessment as "not persuasive," stating broadly that it was unsupported and inconsistent with the record. (*Id.* at 42.) The Court determines such analysis was proper because the ALJ did not find Plaintiff's claims were well supported or consistent with other evidence. (*Id.*)

Moreover, the ALJ must articulate how he or she considered supportability and consistency when determining the persuasiveness of each medical opinion; explanation as to the other three factors is not required. *Lynch*, 2024 WL 2237961, at *2. As stated above, the ALJ's decision, when read as a whole, must demonstrate that the appropriate factors were considered and was sufficiently developed—and the findings must be sufficiently explained—to allow for meaningful review. *Id.* The ALJ must explain the reasoning for their decisions. *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. 2024) (under the regulations, "administrative judges must always explain the reasons for their decisions. But that does not mean always explaining all the factors."). Notably, if there are opposing medical opinions that are equally well-supported and consistent, then supportability and consistency are not dispositive. *Id.* If so, the ALJ must "articulate how [he or she] considered the other most persuasive factors." 20 C.F.R. § 404.1520c(b)(3).

Here, the Court is fully satisfied that the ALJ properly analyzed the medical opinions and testimony pursuant to the five factors set forth in 20 C.F.R. § 404.1520c. The ALJ carefully

8

reviewed Plaintiff's symptoms and the objective medical evidence in accordance with 20 C.F.R. § 404.1520c. For example, the ALJ discussed Plaintiff's own testimony and then turned to the objective medical evidence. (AR at 39.) His review demonstrated that Plaintiff's "statements [ ] are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 40.) Further, the ALJ contended that Plaintiff "could perform light work with postural limitations due to her podiatric impairments and obesity." (*Id.* at 41.) He explained how Plaintiff's podiatric impairments do not meet the clinical criteria "because there is no evidence of (A) chronic joint pain stiffness; (B) abnormal motion, instability or mobility of the affected joints; (C) anatomical deformity [ ]; and (D) an impairment-related physical limitation [ ] that has lasted, or is expected to last, for a continuous period of at least 12 months[.]" (*Id.* at 38.) Additionally, the ALJ highlighted a gap in Plaintiff's treatment from August 2022 until February 20, 2023. (*Id.* at 40–41.) The ALJ determined the podiatrist's medical findings and treatment plan were "conservative" and that the treatment Plaintiff received helped to alleviate her symptoms; thus, Plaintiff was not a candidate for pain medications, assistive devices, or any other methods of intensive treatment. (*Id.* at 39–41.)

As to Plaintiff's vision, the ALJ found the consultative ophthalmologist's one-time evaluation not persuasive and related only to vision impairments. (*Id.* at 42.) The ALJ concluded that the claimant was able to work without any vision restrictions. (*Id.*)

Finally, because the record was devoid of any formal intellectual testing and records to support any learning disorder diagnosis, the ALJ determined the record failed to establish a medically determinable learning disorder. (*Id.* at 38.)

Therefore, based on the totality of the medical examinations, the ALJ correctly found that Plaintiff's testimony was not entirely consistent with the doctors' findings. The ALJ sufficiently

explained how Plaintiff's statements were inconsistent. (*Id.* at 40 ("finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]").)

Regarding the medical opinions, the ALJ thoroughly explained why he found the doctors' findings persuasive or unpersuasive. First, the ALJ found DDS's opinion only partially persuasive, noting that DDS did not review the whole file and did not "specifically address the DPM opinions," because their assessments "are more persuasive than the sedentary and the less than sedentary of the treating podiatrist which are not supported by the record." (*Id.* at 41.) The ALJ also found Dr. Mullin's, Dr. Boozan's, and Dr. Jain's opinions to be generally unpersuasive because: (1) the opinions lacked specificity to alleged restrictions; and (2) the medical evidence of record did not demonstrate support of any restrictive limitations. (*Id.* at 42.)

Given the overwhelming medical opinions and evidence that alluded to Plaintiff's ability to walk, stand, and perform light work, the ALJ's finding is supported by substantial evidence in the record. Further, the ALJ carefully articulated how he found certain opinions to be unpersuasive. Plaintiff's argument that the ALJ's analysis was improper is not supported by the record. *See Emilia N. v. Comm'r of Soc. Sec.*, Civ. No. 21-18677, 2022 WL 14834594, at *4 (D.N.J. Oct. 26, 2022) (finding that the ALJ "clearly satisfied her principal obligation" by giving "'some indication' of the evidence she rejects and her reason for doing so." (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000))); *see also Zaborowski*, 115 F.4th at 639 (affirming an ALJ's decision because the ALJ "weave[d] supportability and consistency throughout her analysis of which doctors were persuasive"); *Annette S. v. Comm'r of Soc. Sec.*,

Civ. No. 21-10614, 2022 WL 2304771, at *8 (D.N.J. June 27, 2022) (finding that the ALJ "properly provided supporting explanations in affording less weight to the medical opinions" of certain doctors). Notably, and as is the case here, the ALJ need not agree with a physician's conclusions. *See Cadillac v. Barnhart*, 84 F. App'x 163, 168 (3d Cir. 2003) ("While the ALJ is, of course, not bound to accept physicians' conclusions, he [or she] may not reject them unless he first weighs them against other relevant evidence and explains why certain evidence has been accepted and why other evidence has been rejected." (alteration in original)).

In short, Plaintiff has enough information from the ALJ's analysis of the medical opinions to ascertain the basis for his rejection, *Emilia N.*, 2022 WL 14834594, at *4 ("[t]he touchstone is whether the reviewing court has sufficient information to understand the ALJ's basis for rejection"), and the Court will not reevaluate the evidence simply because Plaintiff disagrees with the ALJ's analysis of the medical opinions. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190–91 (3d Cir. 1986); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (the court should not "weigh the evidence or substitute its conclusions for those of the fact-finder").

For these reasons, the Court concludes that the ALJ's determination was based on substantial evidence under the supportability and consistency factors as laid out by federal regulations.

### B. WHETHER THE ALJ EVALUATED PLAINTIFF'S SUBJECTIVE COMPLAINTS IN COMPLIANCE WITH AGENCY REGULATIONS

At step four of the sequential evaluation process, the ALJ must determine a claimant's RFC and assess whether she can perform her past relevant work. 20 C.F.R. § 404.1520(e). If the claimant retains the ability to perform such work, the inquiry ends. 20 C.F.R. § 404.1520(f).

Here, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in the regulations, subject to certain postural and environmental limitations. (AR at 41.)

Specifically, the ALJ found that Plaintiff is capable of performing past relevant work which does not require activities precluded by her RFC. (*Id.* at 42.) In making this finding, the ALJ considered Plaintiff's testimony, subjective complaints, medical records, and the medical opinion evidence. (*Id.*) With respect to physical impairments, the ALJ acknowledged Plaintiff's treatment history for plantar fasciitis, including conservative care provided by her treating podiatrist. (*Id.* at 40). The podiatrist opined that Plaintiff was limited to standing for only two hours in a workday and would likely miss work one to two workdays each month. (*Id.* at 41.) The ALJ found the podiatrist's opinion unpersuasive, explaining that it is inconsistent with the broader medical record, which reflects conservative treatment, long gaps in care, and largely unremarkable findings from Plaintiff's primary physician. (*Id.* at 40–42.)

With respect to cognitive functioning, the ALJ considered an examination conducted by a mental health consultant. (*Id.* at 37–38.) The consultant diagnosed Plaintiff with a learning disorder and noted certain deficits in attention and memory. (*Id.*) The ALJ concluded, however, that the learning disorder diagnosis did not constitute a medically determinable impairment under the regulations because it lacked the required objective testing and corroborating evidence. (*Id.* at 38.) The ALJ thus found that Plaintiff has, at most, mild mental limitations and therefore included no corresponding restrictions in the RFC. (*Id.*)

Plaintiff challenges these determinations on two grounds. First, she asserts that the ALJ failed to conduct a proper supportability and consistency analysis of the podiatrist's opinion as required by 20 C.F.R. §§ 404.1520c, 416.920c. She contends that the ALJ's cursory rejection of her treating podiatrist's opinion, by reference only to "the medical evidence of record," falls short of the articulation required by the regulations. (Appeal Br. at 4.) Second, Plaintiff argues that the ALJ erred in rejecting the consultant's learning disorder diagnosis and in failing to account for her

12

cognitive limitations in the RFC, particularly given her past relevant work in a skilled position. (*Id*.)

Defendant counters that the ALJ's RFC determination is supported by substantial evidence. (Opp'n. Br. at 9.) The Commissioner notes that the podiatrist provided conservative treatment such as nail and callus debridement and orthotics, and that Plaintiff had extended gaps in treatment despite reporting relief from such care. (*Id.* at 12.) Defendant further emphasizes that state agency physicians reviewed the record and opined that Plaintiff could perform light work. (*Id.* at 13.) As to the alleged learning disorder, Defendant maintains that a diagnosis alone does not establish a medically determinable impairment and that the ALJ reasonably concluded that Plaintiff's mild mental limitations did not warrant inclusion in the RFC. (*Id.* at 15–17).

For the reasons set forth, the Court finds that the ALJ properly accounted for and evaluated Plaintiff's mental limitations and also provided sufficient reasoning for finding the consultant's opinion unpersuasive. (AR at 40.) Although Plaintiff urges that the ALJ should have provided a more detailed articulation, the decision reflects a rational basis grounded in substantial evidence. Likewise, the ALJ acted within his discretion in concluding that the mental health consultant's diagnosis, unsupported by the requisite testing, failed to establish a medically determinable impairment, and in finding that Plaintiff's mild mental limitations did not require incorporation into the RFC. (*Id.* at 37–38.)

Accordingly, Plaintiff's argument that the ALJ erroneously evaluated Plaintiff's subjective complaints fails.

## V. <u>CONCLUSION</u>

For the reasons stated above, the Court will **AFFIRM** the ALJ's decision. An appropriate Order will follow.

Date: October 31, 2025

<u>s/ Zahid N. Quraishi</u>
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
